IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LAWRENCE CRAWFORD ASSOCIATION FOR EXCEPTIONAL CITIZENS, INC., an Illinois Not-For-Profit Corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:04-cv-4130-DGW |
| CONVERSOURCE, INC., et al., | ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

WILKERSON, Magistrate Judge:

In June 2004, Lawrence Crawford Association for Exceptional Citizens, Inc. ("Lawrence Crawford") filed this breach of contract action in the Circuit Court of Lawrence County, Illinois, claiming damages resulted from the non-delivery of a Model CM10/120 automatic core cutter, which the defendants were contractually obligated to deliver. In July 2004, Defendant Conversource, Inc. ("Conversource") removed this action to federal court by invoking diversity jurisdiction, 28 U.S.C. § 1332, alleging that all parties were of diverse citizenship and that the amount in controversy exceeded the jurisdictional minimum of $75,000.00.

Plaintiff's state-court complaint alleged damages totaling $80,580.00, of which $65,000.00 represents lost net revenue (profits). Accordingly, this case was tracked, a discovery order was issued, and the parties conducted discovery. Following the close of discovery, the parties consented to trial by a United States magistrate judge, and this case was assigned to the undersigned judge in July 2007 for final disposition.

The Court then set a final pretrial conference and trial date. The parties submitted an Agreed Final Pretrial Order at the final pretrial conference held in March 2008, which was signed

by all parties and set the amount of damages in controversy at $67,547.73, consisting of actual damages of $24,547.73 and lost profits of $43,000.00.

In acknowledgment that amount of damages now asserted—other than attorney's fees, interests and costs—are well under the amount-in-controversy jurisdictional minimum of $75,000.01, the Court *sua sponte* questioned whether this Court lacked subject matter jurisdiction. After raising the issue with the parties, the Court suspended the trial date and afforded the parties the opportunity to brief the issue. Phoenix Leasing Systems ("Phoenix") and Conversource (collectively "Defendants"), filed a joint brief arguing that jurisdiction does exist, while Lawrence Crawford filed a brief alleging that jurisdiction is lacking. This Memorandum and Order follows.

## I.  BACKGROUND

Lawrence Crawford is an Illinois not-for-profit corporation that provides social and occupational services to developmentally-disabled persons. In May 2003, Lawrence Crawford entered into an Equipment Lease Agreement with Phoenix, whereby Phoenix agreed to purchase a CM10/120 automatic core cutter from Conversource and lease the equipment to Lawrence Crawford for a term of sixty (60) months. On several successive occasions in the fall of 2003, Phoenix notified Lawrence Crawford that the delivery of the CM10/120 core cutter would be delayed. On January 9, 2004, Lawrence Crawford notified Phoenix that it considered the Lease Agreement terminated based upon default in performance as the core cutter had not been delivered by that date. Lawrence Crawford then obtained an automatic core cutter from another company before filing suit to recover damages for (1) payments made toward the lease of the core-cutter from Defendants and (2) lost profits incurred by Lawrence Crawford's inability to perform contractual services that required the use of the CM10/120 automatic core cutter.

Lawrence Crawford's Complaint filed on June 16, 2004, alleges damages totaling $80,580.00, comprised of $15,580.00 in payments made on the unperformed lease and $65,000.00 of lost profits. The Complaint also requests attorney fees and costs of an unspecified amount. On July 19, 2004, Conversource filed its Notice of Removal.

According to Defendants, it was not until the March 30, 2007, deposition of Arnold Herman, Lawrence Crawford's in-house financial officer, that it became apparent that the amount of lost profits sought had been overstated such that both parties now agree the amount in controversy no longer exceeds $75,000.00. Defendants contend that this Court maintains diversity jurisdiction because at the time of removal there was a good faith basis to believe that Lawrence Crawford's damages exceeded $75,000.00. Plaintiff argues that jurisdiction is lacking and that remand is appropriate.

## II. DISCUSSION

For purposes of diversity jurisdiction, when an action is removed to federal court, the amount in controversy is the amount required to satisfy the plaintiff's demands in full on the day the suit was removed. <u>Oshana v. Coca-Cola Co.</u>, 472, F.3d 506, 511-12 (7th Cir. 2006). Because the amount-in-controversy requirement of 28 U.S.C. § 1332 is a matter of subject matter jurisdiction, the issue can be raised at any time. FED. R. CIV. P. 12(h)(3). The Court has an obligation to examine carefully its jurisdiction and to correct jurisdictional defects on its own motion where the parties have not raised the issue. Where the requisite amount in controversy is lacking, remand is mandatory.

The removing party, as a proponent of federal jurisdiction, bears the burden of showing by a preponderance of the evidence facts suggesting that the amount-in-controversy jurisdictional requirement is met. <u>Meridian Sec. Ins. Co. v. Sadowski</u>, 441 F.3d 536, 543 (7th Cir. 2006). This

may be difficult where, as in this case, the plaintiff provides little information regarding how the amount of damages was ascertained. "In such a case, a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." Oshana, 472 F.3d at 511 (citing Rubel v. Pfizer, Inc., 361 F.3d 1016, 1020 (7th Cir. 2004)). If the defendant in a removal case meets this initial burden, jurisdiction can only be defeated if "it appears to a legal certainty that the claim is really for less than the jurisdictional amount." Id. (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)).

In this case, Conversource, as the removing party, appears to have relied exclusively on Lawrence Crawford's complaint in determining that the amount in controversy exceeded the jurisdictional minimum. However, such reliance can be made in good faith, thus satisfying the removing defendant's initial burden. Justice Owen Roberts, in authoring the principal case regarding the amount in controversy requirement, spoke to this issue when he wrote:

> [t]he status of the case as disclosed by the plaintiff's complaint is controlling in the case of a removal, since the defendant must file his petition before the time for answer or forever lose his right to remove. Of course, if upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount, removal will be futile and remand will follow. But the fact that it appears from the face of the complaint that the defendant has a valid defense, if asserted, to all or a portion of the claim, or the circumstance that the rulings of the district court after removal reduce the amount recoverable below the jurisdictional requirement, will not justify remand. And though, as here, the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction.

St. Paul Murcury Indem. Co., 303 U.S at 291-92. In the instant matter, the Court does not find that Conversource should have "obviously" realized from looking at the complaint at the time of removal that Lawrence Crawford could not have recovered the jurisdictional amount of $75,000.01. Although, as will be discussed, the Court believes Conversource proceeded at its own peril by

4

relying blindly on Lawrence Crawford's assertion of damages in its state-court complaint, there is no evidence before the Court to suggest that Conversource proceeded in bad faith.

But this determination does not end the inquiry, as jurisdiction can still be defeated if "it appears to a legal certainty that the claim is really for less than the jurisdictional amount." Id. at 289. Put another way, "[w]hen a complaint includes a number, it controls unless recovering that amount would be legally impossible." Rising-Moore v. Red Roof Inns, Inc., 435 F.3d 813, 815 (7th Cir. 2006); see also Meridian Security Ins., 441 F.3d at 541 ("Although the proponent of jurisdiction may be called on to prove facts that determine the amount in controversy . . . once these facts have been established the proponent's estimate of the claim's value must be accepted unless there is 'legal certainty' that the controversy's value is below the threshold.").

It is important to reiterate, as Lawrence Crawford does in its jurisdictional brief, that the removing party, as a proponent of federal jurisdiction, bears the ultimate burden of showing by a preponderance of the evidence facts suggesting that the amount-in-controversy jurisdictional requirement is met. Yet Defendants do not dispute that it is now legally impossible for Lawrence Crawford to recover an amount exceeding $75,000.[1] Rather, Defendants pin their hopes of staying in federal court on a purely legal issue.

According to Defendants, the legal certainty test is satisfied in this case due purely to a matter of timing. Since federal diversity jurisdiction must be determined as of the time of removal, that is, when the federal suit began, Meridian, 441 F.3d at 538, Defendants argue that the Court is bound by the amount of damages alleged in Lawrence Crawford's complaint, even stating that "this

---

[1] In their jurisdictional brief, Defendants admit that during discovery it became apparent that the amount sought had been "overstated" such that calculable damages total only $67,547.73. This Court's discussion of the amount in controversy excludes, of course, interests and costs, which 28 U.S.C. § 1332(a) specifically excludes from the calculation. The Court's discussion also excludes attorney's fees incurred after removal, which are not to be considered in determining the amount in controversy. Smith v. American General Life and Acc. Ins. Co., Inc. 337 F.3d 888, 896 (7th Cir. 2003) (post-filing attorney's fees cannot count toward the amount in controversy requirement).

allegation standing alone is sufficient to confer subject matter jurisdiction on this court." (Defendant's Jurisdictional Brief, Doc. 101 at pg. 8). The way Defendants see it, as long as there is no evidence that the removing defendant acted in bad faith when it relied upon the plaintiff's claim of damages exceeding $75,000.00 in the complaint, anything that occurs after that point is irrelevant. This view leads to the conclusion that it does not matter that the amount claimed in Lawrence Crawford's complaint was later determined to be wrong and that the damages actually sustained cannot exceed the jurisdictional amount. As will be discussed below, Defendants' fundamentally misunderstand the law of this circuit and misapply the cases cited in their jurisdictional brief to the facts of this case.

Defendants' argument is fatally flawed in that it confuses events occurring subsequent to removal that actually reduce an amount recoverable, with evidence gathered during discovery that merely enlightens the Court as to what the amount of damages at the time of removal actually were in controversy. It is true that "[e]vents occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction." St. Paul Mercury Indem. Co., 303 U.S. at 290. This means that court rulings after removal that reduce the amount recoverable below the jurisdictional requirement will not justify remand. Id. And where the plaintiff, after removal, voluntarily reduces the claim below the jurisdictional amount in an attempt to defeat jurisdiction—be it by amended complaint, affidavit, or stipulation—the district court is not deprived of jurisdiction. Id. But the Court is not limited to the evidence in the record when removal was sought, and may consider evidence gathered during discovery that "sheds light on the situation which existed when the case was removed." Harmon v. Oki Systems, 115 F.3d 477, 480 (7th Cir. 1997); BEM I, L.L.C. v. Anthropologie, Inc., 301 F.3d 548, 552 (7th Cir. 2002) ("Events subsequent to removal that merely reveal whether the required amount was in dispute on the date of

6

filing, rather than alter the current amount in controversy, can be considered in deciding what that original amount in controversy was.").

During discovery in this action it was *discovered* that a mistake in calculating damages had been made such that the amount of damages asserted in the complaint could not be recovered. There is no evidence before the Court that indicates this miscalculation was intentional—but it means that the total recovery possible in this action must fall below the jurisdictional threshold. The question then, is whether the discovery of this miscalculation should be considered the type of post-removal "event" that must be disregarded in determining jurisdiction, or whether it merely reflects on the situation existing at the time of removal.

The undersigned takes the view that such an event merely reveals the amount that was in dispute at the time of removal—as it really did nothing to alter the actual dispute. It is the rule in this Circuit that "the jurisdictional minimum in diversity cases is not the amount sought by the plaintiff but the amount at stake to either party to the suit." BEM I., L.L.C., 301 F.3d at 553 (noting that not all courts take this view, "but ours certainly does"). Here, the evidence which came to light during discovery regarding the true amount of lost profits merely sheds light on what the actual amount at stake was in the suit at the time of removal. This makes perfect sense when one considers the fact that subject matter jurisdiction is not waivable, and, therefore, cannot be determined by restricting the inquiry to examining the subjective beliefs of a party. Where the parties subjectively, but wrongly, believe that the damages could exceed the jurisdictional minimum, then there is no subject matter jurisdiction because it was legally certain all along that the plaintiff could not recover the jurisdictional minimum. The amount allege in a plaintiff's complaint, by itself, is not dispositive; a removing defendant proceeds at his own peril when removal is based on blind reliance on the amount listed in the complaint.

Additionally, none of the typical post-removal events are present in this case that this circuit has found must be ignored when determining the amount in controversy because they reduce an amount recoverable. There was no amended pleading filed that altered the amount of damages. The Court did not issue an order reducing the amount recoverable in any way. And Lawrence Crawford does not appear to have filed a stipulation (even by way of the final pretrial order) in an effort to defeat jurisdiction—as evidenced by the fact that almost a year had passed since the error in the lost profits calculation was discovered in Mr. Herman's deposition, with Lawrence Crawford failing to raise the jurisdictional issue.

To be clear, the Court does not find that the act of stipulating in the final pretrial order to damages below the jurisdictional amount is what leads to a determination that the amount in controversy was not met at removal in this case. The stipulation was merely the event that brought the jurisdictional issue to the Court's attention. The stipulation in the final pretrial order, by itself, holds little legal significant to the determination because the parties cannot, by agreement, defeat subject matter jurisdiction. "[I]f the court's jurisdiction is challenged as a factual matter by either the court or the opposing party, the party invoking the jurisdiction bears the burden of supporting its jurisdictional allegations by 'competent proof.'" NLFC, Inc. v. Devcom Mid-America, Inc., 45 F.3d 231 (7th Cir. 1995) (citing McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189 (1936)). Defendants here have failed to demonstrate or even allege any facts that suggest the amount-in-controversy requirement was met at the time of removal. It is legally certain that Lawrence Crawford cannot recover the jurisdictional amount in this case—nor could it ever. Accordingly, this Court lacks subject matter jurisdiction to entertain the merits of this dispute and this case must be remanded to state court.

A very similar result was reached in Smith v. American General Life and Accident Ins. Co., Inc., 337 F.3d 888 (7th Cir. 2003). In Smith, the Seventh Circuit took an appeal following the district court's granting of partial summary judgment in a diversity case involving common law and statutory fraud that had been removed from an Illinois state court. Although neither the parties, nor the district court, had previously raised the amount-in-controversy jurisdictional issue, the Seventh Circuit *sua sponte* did so at oral arguments. It vacated the district court's decision and ordered a remand after it determined that the amount-in-controversy at the time of removal did not exceed $75,000.00, despite the fact that the parties and the district judge all agreed that the complaint sought in excess of that amount. In making this determination, the Court considered the likelihood that the plaintiff would be successful in recovering each of the separate damages claimed, ultimately deciding that it would be legally impossible for her to reach the jurisdictional minimum.[2]

Significant to this case was how the Smith Court responded to the removing defendant's arguments. The defendant argued that the plaintiff herself admitted to seeking in excess of $75,000, that the district court agreed that the complaint stated a claim greater than $75,000, and that there was no improper manipulation of the federal court's jurisdiction because plaintiff in good faith believed her claim was worth greater than $75,000 and the defendant relied on that claim in good faith. Id. at 893. The Court rejected these arguments as "particularly specious." Id. The Court acknowledged that "while federal courts are suspicious of claims filed in federal court that attempt to circumvent the amount in controversy requirements for diversity jurisdiction by seeking excessive and unrealistic punitive damages . . . this does not prove the converse." Id. In so holding, the Court acknowledged that both parties desired to remain in federal court, but held that "the

---

[2] The Court determined that the plaintiff could not have succeeded on the merits in her vexatious delay claim, in which she alleged the defendant insurance company's refusal to pay would allow her to recover a $25,000 statutory penalty. The Court also determined that the plaintiff could not recover punitive damages in an amount sufficient to exceed the jurisdictional threshold.

9

parties must do more than show why they prefer to remain in federal court. They must establish that jurisdiction lies in our court for resolution of their dispute. That they have not done." Id.

Just as in Smith, this Court is simply unable to create federal jurisdiction where it otherwise is lacking. There is really is no dispute that it would be legally impossible for Lawrence Crawford to recover greater than the jurisdictional amount-in-controversy requirement, as neither party suggests otherwise. And subject matter jurisdiction cannot, as it did not in Smith, depend solely upon the subjective beliefs of the parties regarding damages at the time of removal—where the amount claimed cannot, nor could it ever, have lead to a recovery in excess of the jurisdictional amount-in-controversy requirement.

The Court does recognize that this result may be frustrating in light of the fact that this case has been pending in federal court for quite some time, and that the parties may have recently consented to the undersigned's jurisdiction in an effort to obtain a more expeditious resolution of this matter. Yet it would not serve the parties interest to have this matter remanded after a trial on the merits and an appeal is taken as was the case in Smith.

### III.    CONCLUSION

For the foregoing reasons, this case is **REMANDED** to the Circuit Court of Lawrence County, Illinois.

**DATED: June 23, 2008**

        *s/ Donald G. Wilkerson*
        **DONALD G. WILKERSON**
        **United States Magistrate Judge**